Bakri RASJID; Olivia Herdijono
Petitioners

v.

*Alberto R. GONZALES, Attorney General of the United States Respondent
*(Amended pursuant the F.R.A.P. 43(c)).

No. 04–4039.

United States Court of Appeals,
Third Circuit.

Submitted pursuant to Third Circuit
Lar 34.1(a) March 27, 2006.

Decided March 27, 2006.

James M. Tyler, Schubert, Bellwoar, Cahill & Quinn, Philadelphia, PA, for Petitioners.

Linda S. Wernery, William C. Peachey, United States Department of Justice Office of Immigration Litigation, Nancy L. Rider, United States Department of Justice Asset Forfeiture Section, Washington, DC, for Respondent.

Before MCKEE, VAN ANTWERPEN, Circuit Judges and POLLAK, Senior District Judge.*

OPINION

MCKEE, Circuit Judge.

Bakri Rasjid and Olivia Herdjijono, husband and wife, petition for review of the Board of Immigration Appeals' affirmance of the Immigration Judge's denial of their applications for asylum, withholding of removal and protection under the Convention Against Torture (the "CAT").[1] For the reasons that follow, we will affirm the BIA and dismiss the Petition for Review.

**I.**

Inasmuch as we are writing primarily for the parties who are familiar with this matter, we need not reiterate the factual or procedural background of this appeal

---

* The Honorable Louis H. Pollack, Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1. Rasjid was the derivative beneficiary of Herdjijono's asylum application. Adm. Rec. 72.

except insofar as may be helpful to our brief discussion.

Herdjijono entered the United States on December 14, 1998, but she did not file her application for asylum until December 12, 2001. Rasjid entered the United States on May 14, 1999, but did not file his application until April 30, 2001. The Immigration Judge dismissed Petitioners' asylum applications because they were not filed within one year of arrival in the United States and Petitioners failed to show exceptional circumstances that would excuse the untimeliness. The IJ also denied Petitioners' claims for withholding of removal and relief under the CAT. The Board of Immigration Appeals affirmed without opinion pursuant to 8 C.F.R. § 3.1(a)(7).

## II.

■ An alien must submit an application for asylum within one year of entry into the United States absent "extraordinary circumstances" or an intervening change in country conditions. 8 U.S.C. § 1158(a)(2)(D). Petitioners claim that exceptional circumstances excuse the late filing of the asylum applications. However, we have no jurisdiction to review the IJ's conclusion to the contrary given the jurisdictional bar contained in 8 U.S.C. § 1158(a)(3). Accordingly, the IJ's dismissal of the asylum applications must stand.

Although the jurisdictional bar does not apply to Petitioners' claims for relief from withholding of removal or relief under the CAT, neither claim is raised as an issue in the Petitioners' brief on appeal. Rather, Petitioners only ask us to determine "whether there was an exceptional circumstance that justified the late filing of [their] ... applications for asylum," and "whether [they] demonstrated their inability or unwillingness to return to Indonesia ... such that the Immigration Judge should have granted their applications for asylum on their merits." Petitioners' Br. at 3

However, because of the aforementioned jurisdictional limitation, we have no jurisdiction to review the asylum issues they are attempting to raise on appeal. "[T]he language of 8 U.S.C. § 1158(a)(3) clearly deprives us of jurisdiction to review an IJ's determination that an asylum petition was not filed within the one year limitations period, and that such period was not tolled by extraordinary circumstances." *Tarrawally v. Ashcroft,* 338 F.3d 180, 185 (3d Cir.2003).

## III.

■ Accordingly, we must dismiss the Petition for Review as we have no jurisdiction to address the only claim Petitioners raise in their brief.[2]

---

2. Since they are not raised in their brief, the withholding of removal and CAT claims are waived or abandoned. *See Ghana v. Holland,* 226 F.3d 175, 180 (3d Cir.2000), *see also* FRAP 28(a)(5). Local Appellate Rule 28.1(a) requires appellants to set forth the issues raised on appeal and to present an argument in support of those issues in the opening brief. *See Kost v. Kozakiewicz,* 1 F.3d 176, 182 (3d Cir.1993) ("It is well settled that if an appellant fails to comply with these requirements on a particular issue, [appellant] ... normally

has abandoned and waived that issue on appeal.").

The IJ denied all relief after finding that the testimony Petitioners offered at their removal hearing was not credible. Alternatively, he ruled that, even if their testimony had been credible, it would not have established a claim for withholding of removal or relief under the CAT. Although we have no jurisdiction to review the only claim before us, we note our agreement with the IJ's conclusion that Petitioners' testimony regarding their

mistreatment in Indonesia would not have established eligibility for relief from removal even if that testimony had been accepted as credible.